ALEXIS I. DuPONT BAYARD, ERWIN M. BUDNER, STANLEY ROSS, and STAR PUBLISHING COMPANY, a corporation of the State of Delaware,

*vs.*

JOSEPH H. MARTIN and J. EDWIN CARTER.

*New Castle, July 15, 1953.*

*William E. Taylor, Jr.*, Wilmington, for plaintiffs.

*August F. Walz* and *Clarence W. Taylor*, of Hastings, Stockly & Walz, Wilmington, for defendants.

BRAMHALL, Vice-Chancellor: On October 3, 1946, defendant Joseph H. Martin (hereinafter referred to as "Martin"), sold to defendant J. Edwin Carter, (hereinafter referred to as "Carter"), all of the issued and outstanding stock of the plaintiff Star Publishing Company (hereinafter referred to as "Star"). A formal contract was executed by Martin, Carter and Star providing for the payment of the balance due by installments and further providing that a judgment note signed by both Carter and Star should be executed to cover each installment. These judgment notes were entered of record as judgments in the Superior Court of New Castle County against Carter and Star on January 18, 1947. Star, under the Carter management, paid Martin the first five installments as they became due. However, Star was unable to pay the August 1st installment and was generally unable to meet the demands of its creditors. On October 12, 1949, Carter sold to plaintiff Stanley Ross, (hereinafter referred to as "Ross"), acting as agent for the plaintiffs Bayard and Budner, 87% of the outstanding capital stock of Star then owned by Carter. By agreement of the same date Martin released Carter from all liability under the October 3, 1946, agreement, executing a separate release to Carter in which Star consented to Martin's discharge of Carter. Carter signed new notes to Martin, but the old judgments remained of record against Star.

Bayard and Budner assumed the management of Star and paid the obligations to Martin as they became due until some time in the early part of the year 1952, when Star permitted two of the judgments to become in default. On March 24, 1952, Martin caused

execution to be issued thereon. On March 31, 1952, Star filed a motion in the Superior Court praying, *inter alia*, that the judgments be opened or vacated and that all executions thereon be stayed. Star alleged, among other things, that the judgment notes were obtained by fraud and that the entry of judgment thereon was a fraud upon the court. After the filing of affidavits, the taking of depositions and argument, the Superior Court on November 6, 1952, denied the petition of Star to vacate or open the judgments. Motions for reargument being denied by the Superior Court on November 12, 1952, Star appealed to the Supreme Court. In two opinions, one dated March 5, 1953, 47 *Del.* (Terry) 585, 95 *A.2d* 465, the other dated March 26, 1953, 48 *Del.* (Terry) 106, 95 *A.2d* 835, 838, the Supreme Court affirmed the judgment of the Superior Court.

With the exception of the affidavit of Ross, which affidavit was excluded from consideration in the opinion of the Supreme Court, the record before this court appears to be substantially the same as that before the Supreme Court. The parties are however different; Bayard, Budner, and Ross have been added as plaintiffs and Carter as a defendant. As to the record before the Supreme Court, that court in its opinion dated March 26, 1953, said:

"* * * the record as it now stands—lacking support from the Ross deposition, which we excluded—is, as the trial judge found, utterly devoid of any specific proof of any fraud at all on the part of Martin, either in 1949 or at any other time."

The Supreme Court has found that there was no fraud shown in the record other than in the Ross deposition, which it did not consider. Since Ross is now a party plaintiff and Carter is now a defendant along with Martin, I must consider the deposition of Ross in determining whether or not plaintiffs are entitled to a preliminary injunction.

In order to determine the rights of plaintiffs to a preliminary injunction I must consider the probability that plaintiffs will prevail on final hearing, either in this court or in the action now pending in the Superior Court. I shall also determine whether or not, unless this court enjoins execution on the judgments in question, plaintiffs will suffer irreparable injury.

The only substantial evidence in support of plaintiffs' con-

tention is the deposition of Ross. In that deposition Ross alleged that Carter and Martin were guilty of grossly misrepresenting the total liabilities of Star; that they represented that the current losses of Star were directly attributable to Carter's mismanagement and that these losses could easily be eliminated by proper management on the part of the new owners, whereas, in fact, say the plaintiffs, these losses were caused by inadequate circulation and insufficient advertising revenue; that Martin as a heavy creditor of Star was anxious to protect his interests by securing a new owner who would be more financially responsible than Carter and who would, presumably, conduct the business more efficiently and that the alleged misrepresentations of Martin to Ross were made for that purpose. It is also stated in the Ross deposition that the deal between Carter and Ross was fictional and that the real negotiations took place between Martin, or his agent, and Ross. Ross' deposition is supported in one respect by the affidavit of Harold M. Canning to the effect that the alleged method of valuation by Martin of the circulation of Star was fictional and that the actual valuation of Star's circulation was substantially less than the amount shown in the statement of the financial condition of Star.

The sale of the stock was between Carter and Ross. Martin's only interest,—a very substantial one,—was as a creditor of Star. According to the papers executed by the parties, the only part played by Martin was in releasing Carter from his obligations and the assumption by Ross of Carter's obligations to Martin.

The statements of Ross are specifically denied by Martin. He testified that subsequent to the sale of the stock to Carter he had had nothing to do with the management of Star. He denied that he had knowledge of the financial condition of Star, although he knew that the management of Star was deteriorating under Carter's control and was concerned about Carter's indebtedness to him. The witness Russell White, who kept the books of Star prior to the sale of the stock to Ross, testified that the statement prepared and shown to Ross was an accurate one. The audit prepared by the certified public accountants, while not a complete audit, since no verification of figures was made, did not substantiate plaintiffs' contention as to Star's indebtedness. No evidence is presented of

any facts other than the deposition of Ross and the bare allega-
tion of plaintiffs substantiating their contention that the indebted-
ness of Star is substantially different from that contended by
plaintiffs.

Ross is an experienced newspaper man. He made an investiga-
tion as to the condition of Star. In his first conversation with
Martin, Martin informed him that Star was in a deplorable finan-
cial condition and that bankruptcy was pending. Nevertheless,
Ross became interested to such an extent that on one occasion,
in order to prevent the discontinuance of the publication of the
newspaper, he paid off a note due by Star to Martin and paid the
wages due by Star to its employees for the current week, totalling
approximately $8,000. Ross himself testified that Carter had of-
fered to give him 50% of Star's stock if Ross would put enough
money in the company and would also exert sufficient effort to keep
the company going. Ross also knew of Martin's intentions relative
to the collection of his notes and that Martin refused to consent to
any deal being made for the sale of Star in which he was not fully
protected.

■ ■ The burden is upon plaintiffs to demonstrate that there
is a reasonable probability of their success. In considering such
probability, I must consider the proofs of defendants as well as the
evidence offered by plaintiffs. *Allied Chemical & Dye Corpora-
tion v. Steel & Tube Co. of America*, 14 *Del.Ch.* 64, 122 *A.* 142. The
case pending in the Superior Court was instituted by Martin
against Star, Bayard, and Budner. Neither Ross nor Carter has as
yet been made a party. A motion to dismiss is now pending in that
case. Assuming that plaintiffs' claims against Martin can be deter-
mined in that case, from the record before me, in view of Martin's
strenuous denial and the corroboration of his testimony by the
other circumstances which I have referred to, I am forced to the
conclusion that there is not such a reasonable probability of success
in the establishment of plaintiffs' claim against Martin as to war-
rant the issuance of a preliminary injunction. See *Belle Isle Cor-
poration v. MacBean*, 29 *Del.Ch.* 261, 49 *A.2d* 5.

■ Plaintiffs contend that if they can show *either* a reason-
able probability of ultimate success *or* that the refusal of

a preliminary injunction will result in an irreparable injury to them, then a preliminary injunction should be granted. They cite in support of their contention the cases of *Sandler v. Schenley Industries, Inc.*, 32 *Del.Ch.* 46, 79 *A.2d* 606, 610, and *O'Connor v. Seaboard Commercial Corporation*, 32 *Del.Ch.* 143, 82 *A.2d* 102. Whether or not these cases can be considered as authority for any such contention is not important here for the reason that I consider that plaintiffs will not suffer any irreparable injury. Martin now holds judgments against Star for the full amount alleged to be due. As to the judgments which have matured, he has caused execution to be issued thereon. It is admitted by plaintiffs that they can readily pay the amount of these judgments. There would therefore be no embarrassment to them which might be caused by a sale of any of their assets. There is no assertion of insolvency on the part of defendants. I do not therefore see how any irreparable injury could ensue to either of the parties.

I conclude that the application for preliminary injunction should be denied.

An order will be signed, on notice, in accordance with this opinion.